IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES EVANS, III, | ) | 8:12CV161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TONY JOY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed an Amended Complaint in this matter on July 23, 2012.  (Filing No. 8.)  Plaintiff was previously given leave to proceed in forma pauperis.  (Filing No. 6.)  The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.      SUMMARY OF AMENDED COMPLAINT

Plaintiff filed his Amended Complaint in this matter on July 23, 2012, against numerous Defendants including Nebraska Beef, Ltd.  (Filing No. 8 at CM/ECF p. 1.)  Plaintiff's Amended Complaint is difficult to decipher.  As best as the court can tell, and liberally construed, Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA") because they failed to compensate him for overtime.  Plaintiff alleges that he worked for Defendants "for over 3 plus years," and "received no proper overtime compensation/economic remuneration" during his employment.  (*Id.* at CM/ECF pp. 7-8.)  Plaintiff seeks damages in the amount of "10 million dollars."  (*Id.* at CM/ECF p. 7.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must

dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

Liberally construed, Plaintiff asserts a claim for unpaid overtime compensation under the FLSA. *See* 29 U.S.C. § 215. Under the FLSA, "'it shall be unlawful for any person' to violate the minimum wage, overtime, and recordkeeping provisions of that statute." *Reich v. Stewart*, 121 F.3d 400, 404 (8th Cir. 1997) (quoting 29 U.S.C. § 215(a)(2), (5)). In accordance with the FLSA, the Eighth Circuit has long-held that "[a]n employee must be compensated for duties 'before and after scheduled hours . . . if the employer knows or has reason to believe the employee is continuing to work and the duties are an integral and indispensable part of the employee's principal work activity.'" *Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 781 (8th Cir. 2009) (quoting *Mumbower v. Callicott*, 526 F.2d 1183, 1188 (8th Cir. 1975)). However, to succeed on an unpaid overtime claim, a plaintiff must allege and show "that [he] worked above [his] scheduled hours without compensation and that [his

employer] knew or should have known that [he was] working overtime." *Id.* (citing *Reich,* 121 F.3d at 407).

Here, Plaintiff's claim for unpaid overtime is as follows:

As regards overtime we all had to be there at 6:15 am [and] most lots of time plaintiff was last to go [and] received no proper overtime compensation/economic remuneration as required by federal wage laws.

(Filing No. 8 at CM/ECF pp. 7-8.) Plaintiff also sets forth that he cannot "tell how many hours" he worked, or how much money is owed to him for unpaid overtime. (*Id.*) The remainder of Plaintiff's Amended Complaint sets forth unrelated and nonsensical allegations about his job duties, having to use the "garage door" for breaks instead of the door that "everybody else" uses, and other non-specific allegations. Plaintiff does not allege any facts supporting his claim of unpaid overtime such as his scheduled work hours, the number of uncompensated overtime hours or when Plaintiff worked those hours, or that his employer knew that he worked those hours. As such, the Amended Complaint fails to state a claim upon which relief may be granted.[1]

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege an FLSA claim against Defendants. Any amended complaint shall restate the allegations of Plaintiff's prior Complaints (Filing Nos. 1 and 8), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file a sufficient amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[1]The court also set a hearing in this matter, and in the related Case No. 8:12CV162, in order to allow Plaintiff to support his allegations. (Filing No. 7.) However, Plaintiff failed to appear for the hearing. The court ultimately dismissed the related case because Plaintiff's Amended Complaint in that matter failed to state a claim upon which relief may be granted under the FLSA.

3

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have until **October 8, 2012**, to amend his Complaint and clearly state a claim upon which relief may be granted against Defendants, in accordance with this Memorandum and Order.  If Plaintiff fails to file a sufficient amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint and Amended Complaint (filing nos. 1 and 8), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

3.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 8, 2012**, and dismiss if none filed.

4.      Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 6th day of September, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.