IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES EVANS, III, | ) | 8:12CV161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA BEEF, LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On September 6, 2012, the court conducted an initial review of Plaintiff's Amended Complaint and found that Plaintiff failed to state a claim upon which relief may be granted as to all claims asserted. (Filing No. 10.) In particular, the court determined that:

> Plaintiff does not allege any facts supporting his claim of unpaid overtime such as his scheduled work hours, the number of uncompensated overtime hours or when Plaintiff worked those hours, or that his employer knew that he worked those hours. As such, the Complaint fails to state a claim upon which relief may be granted.

(*Id.* at CM/ECF p. 3.) In light of these pleading deficiencies, the court granted Plaintiff an opportunity to amend.

In response, Plaintiff filed a second Amended Complaint. (Filing No. 11.) In it, Plaintiff alleges that he worked for Nebraska Beef from August 2008 to October 2011, and only missed three scheduled work days during the three-year period. On each of the days he worked, he spent "as much as 30-40 minutes or more" performing uncompensated work activities such as "preparing, donning, doffing, obtaining, sanitizing sanitary and safety equipment and clothing, obtaining tools and equipment [and] supplies necessary for the performance of [his] work." (*Id.* at CM/ECF p. 2.) He did so "before and after paid times, and during unpaid meal breaks." (*Id.*) In

addition, Defendant knew Plaintiff performed this uncompensated work. (*Id.* at CM/ECF p. 2.) Finally, Plaintiff alleges that he faced the same wage-and-hour violations as that faced by class members in *Cortez v. Nebraska Beef, Inc.*, 8:08CV90.[1] In a previous filing, Plaintiff alleged that he opted out of the class action in *Cortez* on April 19, 2012. (Filing No. 5 at CM/ECF p. 3.)

The court finds that Plaintiff has stated a claim upon which relief may be granted against Nebraska Beef. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the second Amended Complaint.

Separately, the court finds that Plaintiff has failed to state a claim upon which relief may be granted as to Defendants Mike Thatcher and Tony Joy. Plaintiff does not mention these Defendants or the actions they took in the body of his second Amended Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint was silent as to the defendant except for his name appearing in caption)).

---

[1]*Cortez* was a class-action in which production and support employees of Nebraska Beef's meat processing facility alleged that they were entitled to unpaid wages for the "30-40 minutes or more per day" they spent performing uncompensated work activities. (8:08CV90 at Filing No. 1 at CM/ECF p. 2.) On May 17, 2012, the court approved a Class and Collective Action Settlement in *Cortez*. (8:08CV90 at Filing No. 394.)

IT IS THEREFORE ORDERED that:

1.      All claims against Tony Joy and Mike Thatcher are dismissed without prejudice.

2.      To obtain service of process on Defendant Nebraska Beef, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE summons form and ONE USM-285 form to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the second Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and second Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the second Amended Complaint, and Plaintiff does not need to do so.

4.      Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "April 1, 2013: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 3rd day of December, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.