IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARLES EVANS, III,

              Plaintiff,                        8:12CV161

     vs.

NEBRASKA BEEF, LTD.,                      ORDER

              Defendant.

      This matter is before the court on the plaintiff's Motion to Compel Discovery (Filing No. 39). The plaintiff states the defendant has failed to comply with his "several myriad requests" for the plaintiff's personnel file. **See** Filing No. 39. The plaintiff provided the court with a certificate stating that on December 4, 2012, he hand-delivered a request for a copy of his personnel file to counsel for the defendant. **Id.** at 3-4.[1] The defendant did not respond to the plaintiff's motion. There is no evidence in the record the defendant has complied with the plaintiff's discovery request.

      "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" **WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978).

      Although discovery is governed by some timing requirements, discovery commenced in this case no later than August 8, 2013, when the court entered the progression order. **See** Filing No. 32.[2] At that time, the Federal Rules required the defendant to provide initial disclosures to the plaintiff, which disclosures would likely include the plaintiff's personnel file. **See** Fed. R. Civ. P. 26(a)(1)(C). There is no

---

[1] The court notes the caption contains the correct case number but states the case name as, "Evans v. Thatcher."
[2] Although this case was filed on May 9, 2012, the court entered the first scheduling order relevant to discovery on August 8, 2013.

indication in the record the defendant provided initial disclosures. The defendant recently served discovery requests on the plaintiff. **See** Filing Nos. 49-50.

The court finds the plaintiff's personnel file is relevant to the plaintiff's claims and the defendant's defenses in this matter. There is no evidence in the record the defendant provided the file to the plaintiff. Accordingly, the defendant shall have an opportunity to provide the file. Upon consideration,

**IT IS ORDERED**:

1. The plaintiff's Motion to Compel Discovery (Filing No. 39) is granted.
2. The defendant shall have until **October 4, 2013**, to produce a copy of the plaintiff's personnel file to the plaintiff and file a certificate of such service as required by NECivR 26.1(a) or NECivR 34.1(b).

Dated this 16th day of September, 2013.

                              BY THE COURT:

                              s/ Thomas D. Thalken
                              United States Magistrate Judge