IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARLES EVANS, III,

    Plaintiff,

vs.

NEBRASKA BEEF, LTD.,

    Defendant.

8:12CV161

ORDER

  This matter is before the court on the defendant's Motion to Compel and for Additional Time to Complete Discovery (Filing No. 58). The defendant states the plaintiff failed to appear for his October 7, 2013, deposition and did not cooperate with the defendant to reschedule the deposition. Additionally, the defendant states the plaintiff failed to timely respond to Interrogatories and Requests for Production served by the defendant on September 9, 2013. The defendant seeks a court order compelling the plaintiff to appear for a deposition and respond to the written discovery. Finally, the defendant requests an extension of the October 17, 2013, discovery deadline to resolve the current outstanding discovery issues. The court allowed the plaintiff an opportunity to respond to the defendant's motion. The plaintiff did not respond.

  Depositions are governed by Federal Rule of Civil Procedure 30. Pursuant to Rule 30: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (the exceptions, including the deponent having already been deposed in the case or the deponent being confined in prison, are inapplicable in this instance). However, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Absent compliance with such reasonable written notice, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A). Furthermore, "[i]f the court where the discovery is taken

orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may order the non-compliant party's pleadings stricken or default judgment entered. Fed. R. Civ. P. 37(b)(2)(A).

In this case, the defendant's counsel states he provided a notice to the plaintiff to conduct the plaintiff's deposition at the court house. **See** Filing No. 58 - Motion. The plaintiff did not appear for the scheduled deposition. *Id.* The defendant's counsel attempted to negotiate with the plaintiff for an agreed-upon date and time to reschedule the deposition, however the plaintiff failed to respond to the attempts. *Id.*

The defendant served the plaintiff on September 9, 2013, with Interrogatories and Requests for Production of Documents. **See** Filing No. 50 - Notice of Service. There is no evidence in the record the plaintiff served responses to the discovery requests.[1] The defendant states it has not received any responses and the plaintiff failed to respond to attempts to confer. **See** Filing No. 58. As with the rules requiring parties to participate in a deposition, the rules require parties to respond to Requests for Production of Documents and Interrogatories within thirty days of service. **See** Fed. R. Civ. P. 33, 34. Failure to comply with these rules subjects the non-compliant party to sanctions. **See** Fed. R. Civ. P. 37(a).

The court finds the defendant gave the plaintiff reasonable written notice of the deposition. The plaintiff failed to appear at the noticed deposition. Additionally, it appears the defendant attempted to confer with the plaintiff to secure the plaintiff's attendance at a deposition. The plaintiff has given no explanation for the failure to appear, or the failure to reschedule, or the failure to provide written discovery as is required under the federal and local rules of the court. Upon consideration,

**IT IS ORDERED**:

1. The defendant's Motion to Compel and for Additional Time to Complete Discovery (Filing No. 58) is granted.

2. The plaintiff shall present himself for deposition to be rescheduled at the convenience of the parties and their counsel, if any, **on or before December 2, 2013**,

---

[1] The local rules require a party to file a certificate of service when the party serves the discovery responses or answer on the opposing party. **See** NECivR 33.1 and 34.1.

or show cause why he should not be subject to sanctions including shifting costs of the discovery and dismissal of the plaintiff's claims.

3. The plaintiff shall have until **on or before December 2, 2013**, to serve responses to the defendant's Interrogatories and Requests for Production of Documents and file a certificate of service with the court as evidence of compliance in accordance with NECivR 33.1 and 34.1.

4. The parties' deadline to complete discovery is hereby extended until **December 20, 2013**.

Dated this 6th day of November, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge