IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES EVANS III, | |
| Plaintiff, | **8:12CV161** |
| vs. | |
| NEBRASKA BEEF, LTD., | **ORDER** |
| Defendant. | |

This matter is before the court on plaintiff's motion to proceed in forma pauperis on appeal to the Eighth Circuit Court of Appeals. Filing No. 71. The plaintiff seeks to appeal the court's order of November 13, 2013, denying his motions for summary judgment. See Filing No. 64, Order; Filing No. 70, Notice of Appeal. The court previously granted the plaintiff in forma pauperis status in this case, finding he was financially eligible to so proceed. See Filing No. 6.

A plaintiff granted in forma pauperis status in district court is generally permitted to appeal in forma pauperis unless the court finds the appeal is frivolous or in bad faith. See Fed. R. App. P. 24(a)(3); *United States v. Serrano-Sanchez*, 206 F.3d 1300, 1300 (8th Cir. 2000) (in civil cases, a district court may certify that an appeal is frivolous or is not taken in good faith and may deny leave to proceed on appeal in forma pauperis).

Generally, only final decisions are appealable. 28 U.S.C. § 1291. A district court's decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999) (quotation omitted). "To be final, an order or judgment must reflect 'some clear and unequivocal manifestation by the trial court of its belief that the decision

made, so far as [the court] is concerned, is the end of the case.'" *Reinholdson v. Minnesota*, 346 F.3d 847, 849 (8th Cir. 2003) (quoting *Goodwin v. United States*, 67 F.3d 149, 151 (8th Cir. 1995)).  The denial of a motion for summary judgment is generally unreviewable as an impermissible interlocutory appeal.  *Leapheart v. Williamson,* 705 F.3d 310, 313 (8th Cir. 2013).

Although 28 U.S.C. § 1292(b) allows an interlocutory appeal in certain circumstances, this case does not present any such circumstances.  *See, e.g., Huggins v. FedEx Ground Package System, Inc.*, 566 F.3d 771, 775 (8th Cir. 2009).  There has been no showing that the order sought to be appealed "involves a controlling question of law" on which there is "substantial ground for difference of opinion" and that "an immediate appeal from the order may advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Further, the order does not fall within the narrow, judicially created "collateral order" doctrine, which permits interlocutory appeal of decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment.  *Reinholdson*, 346 F.3d at 849 (quoting *Cunningham*, 527 U.S. at 204).

Under 28 U.S.C. § 1292(b), an interlocutory appeal must be filed within ten days of the date of the order.  28 U.S.C. § 1292(b).  The ten-day filing requirement for interlocutory appeals in 28 U.S.C. § 1292(b) is mandatory and jurisdictional.  *Munroe v. Continental Western Ins. Co.,* 735 F.3d 783, 789 (8th Cir. 2013).  The Eighth Circuit Court of Appeals rejects interlocutory appeals on jurisdictional grounds when the petition to appeal is not timely filed.  *Id.*

The court finds that the plaintiff attempts to appeal an order that is not final and he has not shown grounds for an interlocutory appeal.  Further, his appeal is untimely.  For those reasons, the court finds his appeal is frivolous.  Accordingly, his motion to proceed on forma pauperis on appeal should be denied.

IT IS ORDERED that the plaintiff's motion for leave to appeal in forma pauperis (Filing No. 71) is denied.

Dated this 7th day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge