IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES EVANS, III, | |
| Plaintiff, | 8:12CV161 |
| vs. | ORDER and |
| NEBRASKA BEEF, LTD., | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on the defendant's Motion to Dismiss and/or for Sanctions (Filing No. 67) and Supplemental Motion to Dismiss and/or for Sanctions (Filing No. 69).  The defendant filed an index of evidence (Filing No. 68) in support of the original motion.  The plaintiff did not file a response.  The defendant also seeks and extension of all deadlines by sixty days to resolve the discovery-related delays.  **See** Filing No. 78.

## BACKGROUND

The pro se plaintiff initiated this lawsuit on May 9, 2012, alleging the defendant failed to comply with overtime wage requirements in violation of the Fair Labor Standards Act.  **See** Filing No. 1.  The court scheduled the matter for a hearing on July 30, 2012.  **See** Filing No. 7.  However the plaintiff did not attend the hearing.  **See** Filing No. 9.  After an initial review of the plaintiff's amended complaint (Filing No. 8), the court directed the plaintiff to file a second amended complaint to consolidate the claims alleged in the original and amended complaints and sufficiently allege claims under the FLSA.  **See** Filing No. 10.  The plaintiff filed a second amended complaint.  **See** Filing No. 11.  The court dismissed the plaintiff's claims against individually named defendants and allowed the plaintiff to serve his second amended complaint on the current defendant.  **See** Filing No. 12.

On December 17, 2012, the plaintiff filed a motion for summary judgment.  **See** Filing No. 14.  The court denied the plaintiff's motion.  **See** Filing No. 25.  The plaintiff filed an interlocutory appeal to the Eighth Circuit Court of Appeal, which was denied on August 2, 2013.  **See** Filing No. 29.

On August 8, 2013, the court entered an initial progression order scheduling the case to trial.  **See** Filing No. 32.  The progression order included a discovery deadline of October 17, 2013.  **Id.**  Trial was scheduled for March 17, 2014.  **Id.**  The plaintiff filed two more motions for summary judgment (Filing Nos. 37 and 57) and two interlocutory appeals (Filing No. 42), which were all denied.  **See** Filing Nos. 51, 64, 70, 80.

On October 16, 2013, the defendant file the Motion to Compel and for Additional Time to Complete Discovery (Filing No. 58).  The defendant states the plaintiff failed to appear for his October 7, 2013, deposition and did not cooperate with the defendant to reschedule the deposition.  Additionally, the defendant states the plaintiff failed to timely respond to Interrogatories and Requests for Production served by the defendant on September 9, 2013.  The defendant sought a court order compelling the plaintiff to appear for a deposition and respond to the written discovery.  Finally, the defendant requested an extension of the October 17, 2013, discovery deadline to resolve the outstanding discovery issues.  The court allowed the plaintiff an opportunity to respond to the defendant's motion.  **See** Filing No. 59.  The plaintiff did not respond.

On November 6, 2013, the court granted the defendant's motion to compel.  **See** Filing No. 63.  The court found the defendant gave the plaintiff reasonable written notice of the deposition and the plaintiff failed to appear at the noticed deposition. Additionally, the defendant attempted to confer with the plaintiff to secure the plaintiff's attendance at a deposition and the plaintiff gave no explanation for the failure to appear, or the failure to reschedule, or the failure to provide written discovery as is required under the federal and local rules of the court.  The court gave the plaintiff an opportunity to reschedule the deposition and respond to written discovery by December 2, 2013, or show cause why he should not be subject to sanctions.  **Id.**  The plaintiff did not file a response to the order.

On December 10, 2013, the defendant filed the motion to dismiss, stating the plaintiff failed to return the defendant's messages regarding deposition scheduling and failed to serve responses to written discovery.  **See** Filing No. 67.  On December 18, 2013, the defendant filed the supplemental motion.  **See** Filing No. 69.  The supplemental motion indicated the plaintiff contacted the defendant on December 16, 2013, to schedule the deposition, but attempts to call him back were unsuccessful.  **See** Filing No. 69.  The defendant did not receive responses to the written discovery.  **Id.**

2

Based on the failures to comply with discovery, the defendant seeks dismissal of the lawsuit. The plaintiff did not respond to the defendant's motions or file notice of service for the delinquent discovery.

On January 15, 2013, the defendant filed a motion to extend deadlines. **See** Filing No. 78. The defendant states it is unable to comply with the court's deadlines and requirements regarding the final pretrial order absent receipt of discovery from the plaintiff. *Id.* The defendant reiterated the plaintiff has yet to schedule his deposition or provide written discovery. *Id.*

## ANALYSIS

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a court to enter sanctions against a party who fails to obey a discovery order. **See** Fed. R. Civ. P. 37(b)(2)(A). Depositions are governed by Federal Rule of Civil Procedure 30. Pursuant to Rule 30: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (the exceptions, including the deponent having already been deposed in the case or the deponent being confined in prison, are inapplicable in this instance). However, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). As with the rules requiring parties to participate in a deposition, the rules require parties to respond to Requests for Production of Documents and Interrogatories within thirty days of service. **See** Fed. R. Civ. P. 33, 34.

Absent compliance with such reasonable written notice, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . ." Fed. R. Civ. P. 37(d)(1)(A). Furthermore, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). Under these circumstances, the court may order the non-compliant party's pleadings stricken or default judgment entered. Fed. R. Civ. P. 37(a) and (b)(2)(A).

The undisputed evidence shows the defendant provided proper deposition notice to the plaintiff and made numerous attempts to schedule a deposition, without success, even after the court ordered the plaintiff's compliance.  Similarly, although the defendant served the plaintiff on September 9, 2013, with Interrogatories and Requests for Production of Documents and the court entered an order on November 6, 2013, compelling responses, the plaintiff failed to provide written discovery.  The plaintiff has given the court no explanation for the failure to appear, or the failure to reschedule, or the failure to provide written discovery as is required under the federal and local rules of the court, or the failure to comply with the court's orders.

In addition to a willful or intentional failure to provide discovery, the court finds the plaintiff's conduct is evidence of a persistent pattern of delay causing prejudice to the defendant.  **See *Siems v. City of Minneapolis***, 560 F.3d 824, 826 (8th Cir. 2009); **see also *In re O'Brien***, 351 F.3d 832, 839-40 (8th Cir. 2003); ***Avionic Co. v. General Dynamics Corp.***, 957 F.2d 555, 558 (8th Cir. 1992) (noting dismissal for sanction appropriate after finding the party's failure to provide discovery in compliance with court order was deliberate or in bad faith); ***Laclede Gas Co. v. G. W. Warnecke Corp.***, 604 F.2d 561, 565 (8th Cir. 1979) (noting court authority to use dismissal of claims as a sanction for failure to provide discovery and failure to obey court order).  The court finds the plaintiff's failure to provide requested discovery does prejudice the defendant's presentation of the case and ability to defend against the claims against it.  Furthermore, the plaintiff's failure to provide discovery as required by court order is deliberate.  Under such circumstances, the court finds the appropriate remedy is to strike the non-compliant party's pleadings and grant the defendant's motions to dismiss.  Upon consideration,

**IT IS ORDERED**:

The defendant's Motion for Extension of Deadlines for Final Pretrial Order (Filing No. 78) is granted as set forth herein.  All case progression deadlines are stayed pending resolution of the defendant's motions to dismiss.

4

**IT IS RECOMMENDED TO DISTRICT JUDGE JOSEPH F. BATAILLON**:

The defendant's Motion to Dismiss and/or for Sanctions (Filing No. 67) and Supplemental Motion to Dismiss and/or for Sanctions (Filing No. 69) be granted, with prejudice.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order and Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 16th day of January, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge