IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES EVANS III, | | |
| Plaintiff, | | **8:12CV161** |
| v. | | |
| NEBRASKA BEEF, LTD., | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the court on the pro se plaintiff's motion to hold Craig Martin in contempt, Filing No. 85, and the plaintiff's affidavit, Filing No. 86, which the court will construe as both support for the motion for contempt and an objection to the Findings and Recommendations ("F&R") of the magistrate judge, Filing No. 82, recommending that this court grant the defendant's motion and supplemental motion to dismiss and for sanctions, Filing Nos. 67 and 69.

In his contempt motion, Evans moves the court to hold attorney Craig Martin in contempt "for fileing (sic) a frivolous/dilatory, expensive time consuming motion for sanction or dismissal, knowing even this white racist court can't dismiss this case on no BS like thee (sic) 12-10-13 motion filed by Craig Martin." Filing No. 85, Motion at 1 (Filing No. 85 at ECF p. 1). The court finds the motion is wholly improper and should be denied.

The plaintiff has also submitted a largely unintelligible affidavit in which he first states that he has answered and returned the defendant's first set of interrogatories, but also states he engaged in "contact negotiations with Lamson & Dugan secretary to provide affiant with second set of interrogatories." Filing No. 86, Evans Aff. at 1-2. He

also states he has an interlocutory appeal pending, but, by order dated January 17, 2014, he was directed by the Eighth Circuit Court of Appeals "to either pay the [filing] fee in the district court or file a motion for leave to proceed in forma pauperis in [the Eighth Circuit] within 28 days" thereafter and was advised that if he did not "pay the fee or move for IFP status by February 14, 2014, this appeal will be dismissed for failure to prosecute without further notice." *See* Filing No. 83, Order at 1.

Under Fed. R. Civ. P. 72(b)(2), a district court reviews *de novo* those portions of a magistrate judge's order that are objected to by a party. *Grinder v. Gammon*, 73 F.3d 793, 792 (8th Cir. 1996). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

In the F&R, the magistrate judge found that the plaintiff failed to provide written discovery, failed to appear at his deposition, and failed to provide any explanation for his failure to comply with the court's orders. Filing No. 82, F&R at 4 (Filing No. 82 at ECF p. 4). Further, the magistrate judge found that "[i]n addition to a willful or intentional failure to provide discovery," the plaintiff's conduct "is evidence of a persistent pattern of delay causing prejudice to the defendant." *Id.*

On *de novo* review, the court generally agrees with the magistrate judge's assessment. The plaintiff's ostensible response to the defendant's discovery requests simply provides too little, too late. The plaintiff does not address his failure to appear at his deposition after he was ordered to appear. The record shows that the plaintiff's failure to provide discovery, as well as his efforts to delay the proceedings by filing

improper and inflammatory pleadings, has hampered the defendant's ability to defend against the plaintiff's allegations.

Pro se litigants are not excused from compliance with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Nevertheless, "[d]ismissal with prejudice is an 'extreme sanction' that should only be available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009); *see also Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1222 (8th Cir. 1998) (stating that the "ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile").

The record does not show any attempt by the plaintiff to diligently pursue the action to the best of his ability. The court agrees with the magistrate judge that the plaintiff's failure to provide discovery as required by court order is deliberate and that "the appropriate remedy is to strike the non-compliant party's pleadings and grant the defendant's motions to dismiss." *See* Filing No. 82, F&R at 4. The court finds the plaintiff has engaged in a course of intentional delay and contumacious conduct that warrants the drastic sanction of dismissal.

In addition, the court finds that the merits of the plaintiff's claim are dubious at best. The plaintiff's assertion that the *Cortez* case is somehow dispositive of his claims is without merit. That action involves the settlement of three consolidated class and collective actions against Nebraska Beef, Inc., for alleged FLSA violations. *See Fermin Cortez v. Nebraska Beef, Inc.*, Nos. 8:08cv90, 8:08cv99, 8:10cv208, Filing No. 394, Order Approving Settlement. The plaintiff has apparently opted out of the class. See Filing No. 15, Order at 1. He has failed to properly prosecute his individual claim.

The court finds, however, that a dismissal without prejudice is appropriate in this case.  The defendant did not seek a dismissal with prejudice in its motions; it sought only sanctions "up to and including dismissal."  Filing No. 69.  Under the circumstances, a dismissal without prejudice is appropriate.  In light of this finding, the plaintiff will not be permitted to proceed in forma pauperis on any subsequent claim involving the same or similar issues.   Accordingly,

IT IS ORDERED:

1.   The plaintiff's motion to hold attorney Craig Martin in contempt (Filing No. 85) is denied.

2.   The plaintiff's affidavit, construed as an objection to the F&R of the magistrate judge (Filing No. 86), is overruled.

3.   The Findings and Recommendations ("F&R") of the magistrate judge (Filing No. 82) are adopted in part, as set forth in this Memorandum and Order.

4.   The defendant's motion and supplemental motion to dismiss and/or for sanctions (Filing Nos. 67 and  69) are granted.

5.   This action is dismissed, without prejudice.

6.   A judgment in accordance with this Memorandum and Order will issue this date.

DATED this 21st day of February, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

4